**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2716
_____

UNITED STATES OF AMERICA

v.

ARTAVIUS HORNE
a/k/a LO,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-18-cr-00392-001)
District Court Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
July 12, 2021

_____

Before: McKEE, GREENAWAY, JR. and RESTREPO *Circuit Judges*

(Opinion filed: July 14, 2021)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Artavius Horne ("Appellant") appeals the district court's denial of his motion for a new trial. In its exceptionally thorough Memorandum, the district court explained why it allowed the government to introduce his prior guilty plea during this trial. We can add little to the district court's fine opinion. Accordingly, we will only briefly explain why the court was correct and why we will affirm the conviction.[1]

**I.**

We review the district court's admission of evidence for an abuse of discretion.[2] Horne argues that the district court abused its discretion by allowing the government to introduce evidence of his prior state conviction for sex trafficking minors after twice denying the government's motions in limine to admit that evidence. The court did initially deny the motion in limine because it concluded that the probative value of his prior conviction for promoting prostitution of minors was "substantially outweighed" by the risk of unfair prejudice.[3]

However, during the trial, Horne took the witness stand and denied ever prostituting a minor. He repeated that denial during the defense counsel's redirect examination. At that point, the court granted a renewed government motion to admit the prior guilty plea to prostituting a minor and appropriately instructed the jury that the prior conviction was only admissible insofar as it may be relevant to Horne's credibility. The

---

[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.
[2] *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000).
[3] App. 126.

court did so even though it refused to allow the government to introduce the prior conviction when Horne initially denied prior involvement with prostituting a minor.[4] The court's caution is commendable. However, the court quite appropriately concluded that the Rule 403 balance tipped in favor of admitting the prior guilty plea because of the added weight of the defendant's second denial of involvement with minors. We agree that the defendant's attempt to exploit the court's caution altered the 403 balance. The court quite appropriately admitted the evidence solely to allow the government to impeach Horne's credibility and gave appropriate limiting instructions to the jury.[5]

The court's handling of Horne's prior conviction was exemplary. Horne's argument to the contrary relies on the erroneous claim that the government "opened the door" to introducing inadmissible evidence by playing a videotaped interview between Horne and the FBI.[6] However, he misinterprets the evidentiary doctrine of "opening the door." That principle merely provides that "when one party introduces inadmissible evidence, the opposing party thereafter may introduce otherwise inadmissible evidence to rebut or explain the prior evidence."[7] In challenging the application of that principle here, Horne also ignores that the recording of the FBI interview was carefully redacted. Horne

---

[4] App. 52 ("Horne's second denial 'substantially elevated the probative value,' thereby tilting the balance in favor of admission.").

[5] App. 194 ("And you are to consider the fact that Mr. Horne was convicted of that charge in Bucks County, Pennsylvania only for purposes of assessing his credibility in this case and not to help you determine whether or not he is guilty of this charge.").

[6] Appellant's Br. 16 ("[T]he government should not have been able to claim that appellant opened the door regarding appellant's denial because it had previously introduced evidence about appellant's denial that he prostituted minors.").

[7] *Gov't of Virgin Islands v. Archibald*, 987 F.2d 180, 187 (3d Cir. 1993).

placed his credibility at issue by taking the stand and the district court properly allowed the government to introduce evidence relevant to his credibility under these circumstances.[8] He should not now be surprised that the trial court was not willing to allow him to exploit the caution it showed when initially ruling that the prior guilty plea would not be admitted.

## II.

For the reasons stated above, we will affirm the district court's denial of Appellant's motion for a new trial.

---

[8] *See United States v. Greenidge*, 495 F.3d 85, 99 (3d Cir. 2007) (Impeachment by contradiction is a means of "policing the 'defendant's obligation to speak the truth in response to proper questions.'") (quoting *United States v. Havens*, 446 U.S. 620, 626 (1980)); *see also United States v. Gilmore*, 553 F.3d 266, 271 (3d Cir. 2009).